## Case No. 12,061.

### In re ROSENFIELDS.

[11 N. B. R. 86; [1] 3 Am. Law Rec. 724; 1 Cent. Law J. 583.]

District Court, E. D. Michigan. Oct. 19, 1871.

BANKRUPTCY—VERIFICATION OF PETITION—CREDITOR JOINED WITHOUT KNOWLEDGE OR CONSENT—AMENDMENTS—ORDER TO SHOW CAUSE.

1. A verification of a petition for adjudication is such only as to persons named in the body of it, and is not such as to a person whose name is omitted, although signed by him.

2. Proof of agency, and of express authority to do the particular acts of signing and verifying the petition, by the agent's own oath or otherwise, is essential to the issuing of an order to show cause.

3. In a case free from other difficulties, supplementary proof may, in the discretion of the court, be received nunc pro tunc, to establish the authority of the agent to sign and verify the petition.

4. A creditor voluntarily joining with others in a petition for adjudication to make up the requisite number and amount, cannot afterwards defeat the proceedings by withdrawing his consent. But when the name of a creditor has been joined with others for such purpose, without his knowledge or consent, he may repudiate the proceedings; and if he does so the petition will be dismissed as to him.

5. Under the act of June 22, 1874 [18 Stat. 178], the allegation in a petition for adjudication as to number and amount, is an allegation of a jurisdictional fact; and such allegation as to a certain number and amount is not an allegation as to a less number and amount.

6. Amendments can be allowed only where the court has jurisdiction, and it has none of a petition for adjudication which does not contain a clear, explicit, and consistent allegation as to the proportionate number of creditors petitioning, and amount of debts represented by them.

[Disapproved in Ex parte Jewett, Case No. 7,303. Overruled in Re McKibben, Id. 8,-859. Cited in Re Funkenstein, Id. 5,158.]

7. The deposition of acts of bankruptcy, in order to authorize the making of an order to show cause, must be such as constitutes legal testimony.

[Cited in Ex parte Lane, 6 Fed. 39.]

On motion to vacate the order to show cause.

Don. M. Dickinson, for the motion.
Pond & Brown, opposed.

LONGYEAR, District Judge. The petition purports to be by twenty creditors in number, all non-residents of the district, and it contains an allegation that the petitioners constitute more than one-fourth in number of the creditors, and that they represent one-third of the entire indebtedness of the alleged bankrupts. Three of the petitioners purport to sign the petition, each by a member of

their respective firms; the others all purport to sign by agent—one by A. E. Stevens, eleven by Max Lilienthal, and five by Albert Austin. The verification purports to be by and on behalf of all the petitioners, but the name of Aaron Teller, who signed the petition on behalf of Teller Bros., as a member of the firm, although appended to the verification, is not named in the body of it as one of the persons to whom the oath was administered. There was, therefore, no verification as to Teller Brothers, and as that firm constituted one of the first five signers, the petition was not sufficiently verified, as required by section 39, as amended by the act of June 22, 1874. The persons who signed and verified the petition as agents produced no proof of their agency, or of any authority whatever in the premises, by their own oaths, or otherwise; and the order to show cause was issued in the entire absence of any such proof. This court has always required strict proof of agency, and of express authority to do the particular act of signing and verifying the petition. I believe this has been the uniform practice in all the bankruptcy courts. In this court such proof has been allowed to be made by the oath of the agent or attorney so signing and verifying; but it has always been held essential to the issuing of the order to show cause. The act of June 22, 1874, has wrought no change in that respect. Therefore, at the time the order to show cause issued, the petition was not duly verified by any of the petitioning creditors except the two on whose behalf a member of the firm signed and verified.

Pending the consideration of the motion the solicitors for the petitioning creditors produced and asked leave to file nunc pro tunc, as supplemental to the verification of the petition by the three agents, their respective affidavits as proof of their authority in the premises at the time of signing and verifying. The solicitor for the respondents objected, and at the same time produced, and asked leave to file, the affidavit of David Hirsch, of the firm of D. Hirsch & Co., one of the firms named in the petition as petitioning creditors, and whose name is signed to the petition by Max Lilienthal as their agent, and on whose behalf said Lilienthal purports to verify the petition, absolutely and unqualifiedly denying that the firm of D. Hirsch & Co. had authorized said Lilienthal, or any other person, so to use the name of the firm; and that the same was done without their knowledge or consent.

I entertain no doubt that the court may in its discretion receive supplementary affidavits in support of the order to show cause, when they tend to prove the authority of the agents at the time they signed and verified the petition, and that the court would do so in a case free from other difficulties. But in the present case there are other difficulties, and such as seem to the court insurmountable. In the first place there is the

---

[1] [Reprinted from 11 N. B. R. 86, by permission.]

lack of any verification at all, by or on behalf of the petitioning creditors, Teller Brothers, one of the first five signers, as already noticed. Besides this, I find, on examination of the papers, that there was an entire lack of proof of debt on the part of two of the petitioning creditors, viz., D. Hirsch & Co., and James M. Bissell. There is a proof of debt in favor of Josiah M. Bissell, but none of James M. Bissell; and Josiah M. Bissell is not a petitioning creditor.

On the authority of the decision of this court in Re Simmons [Case No. 12,864], it would be competent to allow the petition to stand over, and the verification on the part of Teller Brothers and the lacking proofs of debt to be supplied, and a new order to show cause to issue. This court holds such a course always competent where the petition itself is free from essential or radical defects. But, in the light of the affidavit of David Hirsch before referred to, unfortunately, perhaps, for the other petitioning creditors, such is not the case here. When a creditor has once joined with others in a petition for adjudication, in order to make up the requisite number and amount, it is, of course, not competent for him to defeat the proceedings by afterwards withdrawing his consent. But such is not the case here. In the present case D. Hirsch & Co. did not join with the others, and, of course, the proof of debt, etc., as to them, cannot be supplied. They never became petitioning creditors in any sense, and the petition stands as one by twenty creditors, when only nineteen actually joined in it. It is true Max Lilienthal, who signed and verified the petition, as agent for D. Hirsch & Co., swears in his supplemental affidavit that he was authorized by them to do so; but the affidavit of the creditor himself is of the greater weight, especially where, as in this case, the swearing by the agent, all through, seems to have been done in a careless, loose, and unsatisfactory manner.

Clearly the petition must be dismissed as to D. Hirsch & Co., and if permitted to stand at all, it must be on the petition of the remaining nineteen. But can it, as such, be permitted to stand? The allegation that the petitioning creditors and the debts represented by them constitute one-fourth in number and one-third in amount, is an allegation of an essential jurisdictional fact; and an allegation of that fact as to twenty is not an allegation of it as to any less number. The requirement of the act is, that the petition shall be "of one or more of the creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." The allegations of the petitioners are, "and that the aggregate of your petition demands, as

they are informed and believe, constitute one-third of the debts so provable," etc., "and on information and belief that your petitioners constitute more than one-fourth of all the creditors," etc. It may be said, inasmuch as the allegation is that the twenty constitute more than one-fourth in number, nineteen must constitute at least one-fourth. Whether or not the court would indulge in any such speculation to sustain the petition in any case is unnecessary to determine in the present case, because, in order to sustain the petition it must be extended to both amount and number, and that cannot be done in view of the wording of the petition as to the amount. The courts have gone to the utmost limit of liberality in accepting the allegation as to number and amount on information and belief merely, and in not requiring any proof to sustain the allegation as a prerequisite to an order to show cause, and instead of extending that limit, a reasonable strictness within it must be required. No amendment in this regard can be allowed; because, in order to allow amendments, the court must have jurisdiction, and there is none without a clear, explicit, and consistent allegation, as to the proportionate number of creditors petitioning, and amount of debts represented by them.

The deposition of acts of bankruptcy was also criticised by respondent's counsel as being loose and vague in its statements of facts, and as dealing largely in conclusions and hearsay. On a perusal of it, I am satisfied the criticisms of counsel are not entirely without foundation; but, in view of the conclusion already arrived at, it is unnecessary to determine whether or not it was sufficient. The deposition of acts of bankruptcy must be such as constitutes legal testimony; its statements must be of facts and not the mere conclusions of the witness; and, as a general rule, they must be of the witness's own knowledge, and not mere hearsay; and they must be stated with such clearness as to leave no doubt as to their meaning.

The disposition which the court feels compelled to make of the petition makes it necessary also to grant the motion of respondents to quash the provisional warrant, which is done without further remark upon the merits of that motion than that the showing upon which the warrant was allowed is obnoxious to the same infirmities hinted at as to all the proceedings in the matter.

It results that the petition, and all orders, processes, and proceedings thereunder, must be dismissed, vacated, and altogether held for naught; that the respondents be discharged from arrest, and their bail from liability; and the property, books, and effects seized by the marshal, under the provisional warrant, must be delivered up, but without prejudice to new proceedings.