ROCHAMBEAU, The (TRECARTIN v.). See Case No. 14,163.

### Case No. 11,974.

ROCHE et al. v. FOX.

[16 N. B. R. 461.] [1]

District Court, W. D. Wisconsin. Nov. 21, 1877.

BANKRUPTCY — PETITION — AUTHORITY TO SIGN — AMOUNT AND NUMBER OF CREDITORS.

1. Petition in bankruptcy held defective in not setting out the special authority of the president of a bank, who is one of the petitioning creditors, to sign and verify the same on behalf of the bank, his general authority as an officer not being sufficient.

2. The petition alleges that the creditors joining in the petition constitute one-fourth in number of all the creditors whose provable debts amount to two hundred and fifty dollars. In setting out the names and amounts of each, however, it appears that the debts of several of them are less than that sum. Held, on a motion to dismiss the petition, that the same is in-

1 [Reprinted by permission.]

sufficient and demurrable in this respect, but that the court has jurisdiction to allow an amendment to remedy the defect.

[This was a proceeding by Patrick J. Roche and others against Michael A. Fox. Heard on motion to dismiss a petition in bankruptcy.]

BUNN, District Judge. This cause came on to be heard before the court upon the application of the petitioners, by H. M. & H. A. Lewis, their counsel, and upon the motion of Philo A. Orton and George S. Anthony, two of the creditors, by Gregory & Pinney, their counsel, to dismiss the petition for want of jurisdiction in the respects following: (1) That it appears upon the face of the petition that the same is not signed and verified by a sufficient proportion in number of the creditors. (2) That it does not appear from the petition that the officer signing for the National Bank of Galena had authority to act for the bank in the matter. (3) That the authority of L. D. Lange, who signs the names of Morrison, Plummer & Co., does not appear in the petition. (4) That Francis B. Newhall, one of the petitioning creditors, does not sign the petition. (5) That the several debts of eight of the petitioning creditors are for less than two hundred and fifty dollars. (6) That the petitioning creditors have filed no proof of their several debts.

Some, if not all, of these objections to the petition, are well taken; but I am not able to concur with the defendant's counsel that the court has no jurisdiction of the case which would enable it to allow amendments to cure the defects complained of. It is quite clear that the authority of R. H. McClellan, president of the National Bank of Galena, to act for the bank in the matter, should be set forth in the petition, as the president, by virtue of his office as such, has not the power. In re McNaughton [Case No. 8,912]. But it does not follow that the petition should be dismissed for this reason. I think the court may and should order an amendment to remedy the defect. This will not be adding a new cause of action, but perfecting a defective allegation in a cause already set forth. The same with the case of L. D. Lange, who signs as the agent for Morrison, Plummer & Co. The petition should aver specially his authority to act in the matter for them. But the defect is not jurisdictional and is not a cause for dismissing the petition. It may be amended.

So I think with the other objections. The objection mainly relied upon, and the one having the greatest show of authority, if not of reason to support it, is, that several of the creditors signing the petition, as appears from the schedule of claims set out in the body of the petition, have claims amounting to less than two hundred and fifty dollars each. The allegations in the petition are entirely sufficient on this point, and show that the creditors signing the petition constitute

one-fourth at least in number of all the creditors whose claims exceed two hundred' and fifty dollars, and the aggregate of the debts due the petitioners to at least one-third of all the debts provable. But when the names of creditors, and the amount of the claim of each, are set out, it appears that eight of fourteen creditors have each claims amounting to less than two hundred and fifty dollars. These cannot be reckoned in making up the one-fourth in number required by the statute. Nor do I think the court can presume that the remaining six creditors, whose claims exceed two hundred and fifty dollars, constitute the requisite one-fourth of all. Such is not the allegation in the petition, and the necessary inference is that the eight creditors whose debts do not exceed two hundred and fifty dollars must be counted to make up the one-fourth. In re McKibben [Case No. 8,859]; In re Hadley [Id. 5,894]. But the petitioners ask leave to amend the petition in this respect so as to avoid this objection, and the question is whether the amendment may be allowed. I think the court has power to allow the amendment, and that in furtherance of justice the power should be exercised for its allowance. It is claimed that the court has not jurisdiction. Jurisdiction of what? The law gives the court jurisdiction of the subject matter before any petition is filed. And the filing of the petition, the service of process, and the appearance of the alleged bankrupt in the cause, are ample to give jurisdiction of the person. What question of jurisdiction remains? In a certain sense it is true the court has not jurisdiction. It cannot proceed to furnish the relief prayed for upon a petition which is demurrable in not containing all the necessary allegations. And the true force of the objections, to my mind, does not go to the jurisdiction of the court, but only to the sufficiency of the petition as a pleading. The petition in bankruptcy answers to the declaration or complaint in an action at common law, or bill of complaint in equity. Its office is to set forth the cause of action. It was never yet held that a complaint in an action at law or suit in equity should be dismissed for a want of jurisdiction in the court, when suit has been commenced by service of process, and an attempt made to set out a cause of action, but the complaint is defective in some particulars in not containing all the essential allegations to make a good case. Such defect would be good ground for demurrer, which, if sustained, leave would be given to amend, which, of course, could not be done if the court had not jurisdiction. It must in such case dismiss the proceeding.

There is but one case that I have found where it is held that such a defect was so far jurisdictional as to deprive the court of all power of amendment. That is In re Rosenfields [Case No. 12,061]. But that case is expressly overruled in a later case in the same court (In re McKibben [supra]), and was disapproved, and the contrary ruling made in the well considered cases of Ex parte Jewett [Case No. 7303], and Ex parte Morris [Id. 9,823], by Lowell, J., in the district court for Massachusetts. If any further authority was needed, we have it in the case of In re Williams [Id. 17,700], decided by Judge Drummond, where such an amendment is expressly sanctioned and held to relate back to the commencement of the proceeding in bankruptcy. These cases are decisive of the question here presented.

The motion to dismiss is overruled, and upon request of counsel for petitioners they are allowed ten days in which to file an amended petition curing the several defects complained of.