In re MERCUR (two cases).

(District Court, E. D. Pennsylvania. July 24, 1899.)

Nos. 90, 91.

1. BANKRUPTCY—PETITIONING CREDITORS—CREDITOR OF PARTNERSHIP.
　　A creditor of a partnership is also a creditor of each member of the firm, and is entitled, as such, to join in a petition in involuntary bankruptcy, brought against one of the partners individually.

2. SAME—PETITION—AMENDMENT.
　　Where, at the hearing on a petition in involuntary bankruptcy, it is proved that the debtor, within the statutory time, has made an assignment for the benefit of creditors, this act of bankruptcy, although not originally alleged in the petition as ground for an adjudication, may be added to the petition by amendment.

In Bankruptcy. Separate petitions in involuntary bankruptcy were filed against Ulysses Mercur and James Watts Mercur, as individuals, and without reference to the fact that they were also partners under the firm name of J. W. Mercur & Co. Petitions having been filed by certain creditors of the partnership asking for leave to join in the petitions against the individual partners, the cases came up for hearing on these applications and on the question of adjudication in bankruptcy.

M. Hampton Todd, Albert E. Peterson, and Edwin H. Hall, for petitioning creditors.

John G. Johnson, for the bankrupts.

McPHERSON, District Judge. In each of these cases only one creditor petitioned, the allegation being that the creditors of the bankrupt were less than 12 in number. The answer in each case denied the allegation, averring that the number of creditors exceeded 12, and appending a list containing the names and addresses of more than 12 such persons. Shortly afterwards, the Vulcanite Paving Company and the P. H. Fairlamb Company filed separate petitions, averring that they were creditors of the firm of J. W. Mercur & Co., consisting of James Watts Mercur and Ulysses Mercur, and asking to be permitted to join in the original petitions. This request is resisted by the bankrupts on the ground that the applicants are partnership creditors, and therefore cannot be counted among the individual creditors of each partner. I am unable to sustain this objection. The creditors of a partnership are also creditors of each individual member, and have a right to petition against him, as well as against the firm. This has been several times decided, and is supported by principle no less than by authority. How far the partnership creditors may be entitled to share in the distribution of the separate property of each member is a distinct question, which can only be determined hereafter when the assets come to be marshaled.

That both bankrupts are insolvent, and that both committed an act of bankruptcy within four months preceding the filing of the petitions, cannot be successfully disputed. It was proved at the hearing that on December 20, 1898, they executed a deed of volun-

tary assignment for the benefit of creditors, not only as individuals, but also as members of the firm of J. W. Mercur & Co. This deed has since been recorded, and nothing more is necessary to require the court to enter an adjudication. I should enter it without further delay if it were not for the fact that the petitions do not set forth the assignment as a ground for the court's action. This may be done by amendment, however, and permission is now given to the petitioners to add such averment on or before the 1st day of August, 1899.

The petitions of the Paving Company and of the Fairlamb Company are also defective, because they do not sufficiently describe the respective claims so that the court may know that both claims are provable against the bankrupts. This may also be amended on or before the date just named.

If the amendments referred to are made, and the petitions are thus put into proper form, the clerk will enter an adjudication in each case.