## CALLISON v. BRAKE.

### (Circuit Court of Appeals, Fifth Circuit. April 8, 1904.)

### No. 1,319.

1. WRONGFUL DEATH—ACTION FOR DAMAGES—INSTRUCTIONS.

    Instructions in an action by an administrator to recover damages for wrongful death under the statute of Florida considered and approved, as in conformity with a prior decision of the court.

2. STATUTES—MANNER OF ENACTMENT—CONSTITUTIONAL REQUIREMENTS.

    Where a bill introduced into the Florida Senate was regularly passed by a call of the yeas and nays and referred to the House, where on its second reading a substitute was introduced by the judiciary committee, regularly passed, and forwarded to the Senate, the fact that the Senate treated the substitute as an amendment of the original bill, and concurred in it without the formality of a roll call, did not invalidate the act on the ground that it was not passed in conformity with the state Constitution, which requires the yeas and nays to be taken on the final passage of a bill.

3. WRONGFUL DEATH—ACTION FOR DAMAGES—JOINDER OF CAUSES OF ACTION UNDER DIFFERENT STATUTES.

    Rev. St. Fla. 1892, §§ 2342, 2343, authorize actions for wrongful death to be brought, among others named, by the executor or administrator of the deceased; the measure of damages in such case being the loss to the estate. Such sections were supplemented by Laws 1899, p. 114, c. 4722, which authorizes an action for the wrongful death of a minor child by the father or mother of such child, in which the plaintiff "may recover, not only for the loss of services of such minor child, but, in addition thereto, such sum for the mental pain and suffering of the parent or parents as

¶ 3. See Death, vol. 15, Cent. Dig. § 22.

the jury may assess." *Held* that, where the father of a minor who was killed was also the administrator, he might sue for the death in both capacities in the same action, joining counts under each statute in the same declaration.

In Error to the Circuit Court of the United States for the Southern District of Florida.

For opinion below, see 122 Fed. 722.

This is an action by the plaintiff, as administrator of the estate of Gerard H. Brake, deceased, to recover damages from the defendant for alleged wrongful act or acts, or negligence, or default on the part of the defendant, alleged to have been the cause of death of Gerard H. Brake. The statement of the plaintiff's case is set forth in his declaration in four separate and distinct counts; that is, each of these four separate counts is a statement of a claim contended for by plaintiff against defendant, Callison. In the first count, plaintiff alleges in substance that the defendant, as the lessee of county convicts for the county of Alachua and state of Florida, had, in the month of November, 1901, Gerard H. Brake, son of the plaintiff, aged at that time about 16 years, in his custody as lessee, said Brake having been committed as a prisoner of said county, and that the defendant, as such lessee of the county convicts, became obligated to furnish support, care, and maintenance to the said Brake, and that the said Brake was during such time sick and ailing, and in feeble and infirm health, all of which is alleged to have been well known to the defendant, and that the defendant failed and neglected and refused to permit decedent proper opportunity for rest, and compelled him to toil immoderately, and failed and neglected to furnish said Brake with necessary medicine and medical attendance and personal care, in consequence whereof said Brake languished and died, whereby the plaintiff has lost and been deprived of the services of the said Brake to the value of $5,000, and that the plaintiff and the plaintiff's wife, mother of the said Brake, have been submitted to great mental pain and suffering, to their damage in the sum of $20,000. This count of the declaration in brief claims that, by reason of the neglect of the defendant to furnish proper clothing, medical attention, and comfortable quarters, and by reason of having compelled said Brake to work immoderately the said Brake died, to the damage of the plaintiff as alleged. The third count in substance sets forth substantially the same facts as were set forth in the first count as to the decedent, Gerard H. Brake, being in the custody of the defendant as lessee of the county convicts of the county of Alachua, Fla., and then alleges that the said Brake, at the time of such imprisonment by the defendant, was sick and ailing, and in feeble and failing health, and unfit for work, and that the defendant, knowing said Brake was sick and ailing, urged and insisted that the said Brake engage in labor disproportionate to his strength, and by way of coercing the said Brake to labor the defendant caused and procured said Brake to be immoderately beaten and bruised upon and about the body and limbs, in consequence whereof the said Brake languished and died, to the damage of the plaintiff for loss of services of the said Brake of $5,000, and for mental pain and suffering of the plaintiff and plaintiff's wife to the sum of $50,000. The second count of the declaration, after setting up the same facts as to the imprisonment of Gerard H. Brake in the county convict prison of Alachua county, and his custody by the defendant as lessee of the said convicts, and after alleging it to be the duty of the defendant to furnish support, care, and maintenance to the said Brake, and stating that during such imprisonment the said Brake was sick, ailing, and in feeble and infirm health, to the knowledge of the defendant, alleges that the said defendant failed and neglected to provide the said Brake with comfortable quarters, good bedding and blankets, and wholesome food, and also refused to permit Brake to have proper rest, and compelled him to toil immoderately, and also failed to furnish decedent with necessary medicine and medical and personal attendance, in consequence of which the said Brake languished and died, to the damage of the plaintiff, as administrator, by the loss of earnings which the decedent in his lifetime would have made, to the extent of $25,000. The fourth count of the declaration, after setting up the

facts of the imprisonment of Brake and his custody as such prisoner by the defendant, then alleges that the said Brake, while thus imprisoned, was sick, ailing, and in feeble and infirm health, and unfit for work, that the defendant urged and insisted that the decedent engage in labor disproportionate to his strength, and by way of coercing the said Brake so to labor defendant caused and procured Brake to be immoderately beaten and bruised upon and about the body and limbs, in consequence whereof Brake languished and died, and by said wrongful acts of the defendant the plaintiff, as administrator, suffered great damages by loss of earnings which the said Brake in his lifetime would have made, to wit, $25,000. The plaintiff claims as total damages for the causes of action set forth in all counts of the declaration $75,000.

The defendant is charged, therefore, with two classes of torts: First, offenses of omission, or rather a failure to provide suitable and satisfactory subsistence, quarters, bedding, and blankets, proper opportunities for rest, necessary medicine and medical attendance and personal care. The testimony is conclusive of the relations existing between the deceased and the defendant. The deceased was a convict, and the defendant was, in accordance with the law, the keeper and custodian of the deceased, and as such custodian of the deceased, and as such custodian and keeper, it was his duty to furnish the deceased with all reasonable means and opportunity for health and welfare, as far as the circumstances would justify. The defendant cannot be held responsible for the position of the deceased as a convict, in which he was found; but it was his duty to provide him suitable quarters, bedding, and blankets, necessary medicine, and attendance, such as might be required by the physical condition of the convict. The foregoing statement of the case we have adopted from the opening paragraphs of the charge given to the jury by the trial judge.

Bisdee & Bedell, for plaintiff in error.

Evans Haile, S. Y. Finley, E. P. Axtell, C. D. Rinehart, and Horatio Davis, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge (after stating the facts as above). In the opinion of the majority of this court, the judgment of the Circuit Court in this case should be affirmed. We do not deem it necessary to notice in detail, and in the order in which they have been presented by the respective counsel, the questions which were raised on the trial and have been submitted to us on the hearing of this writ of error. We notice only a few of the points, which we deem require some attention.

The trial judge, amongst other things, in the charge which he gave the jury on his own motion, instructed them substantially that the liability of the defendant, under the declaration, is based upon two statutes, under one of which this suit is brought by the plaintiff as administrator, and under which the defendant may be liable for any act of a servant, agent, or employé, acting by the authority of the defendant; but in such case the damages are limited to the actual injury suffered by the plaintiff in such character of administrator—that is, the value of the estate. Later on, he instructed further to the effect, substantially, that under the second and fourth counts of the declaration the defendant would be liable for any act or negligence of any agent or employé of his, acting in the line of duty to which he had been appointed, or for which he had been employed; but for such act or negligence nothing could be recovered for mental suffering or for the services of the deceased before he reached the age of 21. So, if you

find the defendant liable under these counts, the only damages that can be given would be such as would be coming to the plaintiff as administrator; that is, the present worth of what you find the deceased would have accumulated during his natural life, considering his probable earnings, expenses, and savings, and the probable length of his life. Of these matters you are the sole judges according to your best judgment. The jury should take into consideration the age, occupation, habits, character, and ability, mental and physical, of defendant, and the probable continuance of his life, in arriving at this estimate.

In reference to the other counts under the declaration, the trial judge instructed the jury to the effect that, if you find for the plaintiff upon the issues of either of these counts, it will be necessary for you to determine the damage that plaintiff has suffered. Under these counts the defendant can only be held liable for his own personal acts or negligence. If you find the death of the deceased was caused by such personal act or negligence, damage may be allowed the plaintiff, as parent, for the net services of deceased until he reached the age of 21 years, making allowance for all expenses of his education and support, and for the mental pain and suffering of his parents. There is no rule by which these can be determined, except by your own judgment under the light of all the circumstances and the evidence in the case. You are to take into consideration all the facts and circumstances, and upon the testimony, tested by your own general knowledge of human nature, determine in your own mind what was the distress and anguish of mind, the mental pain and suffering, of these parents, caused by the death of their son under these circumstances; and upon your deliberate judgment and individual conscience make such an award as you deem just.

The statutes of Florida, to which the trial judge referred, and under which the action was brought, are sections 2342 and 2343 of the Revised Statutes of the State of Florida of 1892, and chapter 4722, p. 114, of the Laws of Florida, approved June 3, 1899. The provisions of these statutes, so far as they affect this case, are as follows:

"Sec. 2342. Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual, * * * and the act, negligence, carelessness or default is such as would, if death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then, and in every such case, the person who would have been liable in damages, if death had not ensued, shall be liable to an action for damages, notwithstanding that the death shall have been caused under circumstances as would make it in law amount to a felony.

"Sec. 2343. Every such action shall be brought by, and in the name of, the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow, nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent upon such person killed for a support; and where [there] is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person so killed, and in every such case the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed."

Chapter 4722, § 1. "Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness, or default of any individual, * * * the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain

an action against such individual, * * * and may recover, not only for the loss of services of such minor child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

In this case the issues which were presented and decided by the Circuit Court, affecting so much of the action as looks to sections 2342 and 2343 of the Revised Statutes of Florida of 1892, are substantially the same as those which were presented in the case of Sullivan. by administrator, v. The Florida Central P. R. Co., which was heretofore tried in the same Circuit Court, and brought by writ of error to this court under the style of "Florida Central & P. R. Co. v. Sullivan," and here affirmed, as appears from the report of our action thereon in 120 Fed. 799, 57 C. C. A. 167, 61 L. R. A. 410. In the case we are now considering the learned judge of the Circuit Court, who had formerly tried the Sullivan Case, followed substantially herein the rulings that he made therein, and which we had affirmed, as to the right of the administrator to sue, the right to recover under these statutes, and the measure of damages; and, as we have seen no occasion to change the views then expressed, we must, on the authority of that case, hold that, as to so much of this case as rests on those sections of the Revised Statutes, the Circuit Court did not err in its rulings and action.

The effort herein to recover under the act of June 3, 1899, occasioned the presentation of two questions which we ought to notice:

First, whether that act was constitutionally passed by the Legislature of Florida? The counsel for the plaintiff in error, assuming, on the authority of State v. Hocker, 36 Fla. 358, 18 South. 767, and Ottawa v. Perkins, 94 U. S. 260, 24 L. Ed. 154, that this court takes judicial notice of the journals of the Legislature of Florida to ascertain whether or not a bill has been constitutionally passed into a law, prints in his brief "extracts from the journals of the Legislature of Florida for its session of 1899, showing all the entries relating to the supposed passage of chapter 4722, p. 114, of the Laws of Florida, the act on which the first and third counts of the declaration are based." We have examined these journal entries with minute care, and, in connection therewith, the decisions of the Supreme Court of Florida in the case of State v. Hocker, supra, and State v. Dillon, 42 Fla. 95, 28 South. 781, and we conclude that the record of the action of the Legislature, read in the light of the decisions of the Supreme Court of Florida, does not support the objection made by the plaintiff in error to the validity of the act in question.

The other question is whether recovery under both statutes may be sought and had by the administrator in his character as legal representative in one action? The later statute is recent, and no decision under it is reported. Its language appears to authorize recovery under both, when the administrator is the father or the mother of the deceased. The damages in each case grow out of the same transaction. The proof, in the very nature of the case, must be substantially the same in each as to the wrong done and as to the liability of the defendant. The action is by one natural person as the legal representative of one intestate decedent, and against one natural person, to recover damages for wrongfully causing the death of the deceased. The later statute seems to supplement the earlier one, and to carry the remedy, in the

same direction, farther towards completion. The time, place, and circumstances of the wrong alleged to have been done are the same. The nature of the relief sought is the same. It seems to us that to conclude and hold that in such suit there is a misjoinder of parties plaintiff, or a misjoinder of causes of action, would involve the surrender of our faculties to the duress of distinctions which, in the olden time, learned experts in the science of pleading treated as substantial, but which in their essence are shadowy and highly technical.

The judgment of the Circuit Court is affirmed.