# IN THE MATTER OF CAMUY SUGAR COMPANY.

San Juan, in Bankruptcy, No. 91.

ON JURISDICTION OF COURT IN INVOLUNTARY PROCEEDINGS.

Bankruptcy — Four Months.

    1. Four months are to be computed as running from a fixed, day of a month to the same day of the fourth succeeding month, regardless of the number of days intervening.

Bankruptcy — Three Creditors.

    2. Three creditors must join in involuntary proceedings, and the verification must be by each one of the three. If three do not join,

Matter of Camuy Sugar Co.

the defect does not go to the jurisdiction, and an opportunity will be given to supply the omission.

Bankruptcy — Affidavit of an Alleged Creditor.

3. If one of the three creditors whose names are signed to an involuntary petition in bankruptcy files an affidavit denying that he signed, the proceeding is halted until this is cleared up.

Bankruptcy — New Creditors.

4. Creditors other than the original petitioners may at any time enter their appearance and join in the petition in order to supply the three necessary to the jurisdiction, and time will be allowed to supply such a defect of parties; but all petitioners must be creditors at the time of the act of bankruptcy.

Bankruptcy — Receivership in a Local Court.

5. The fact that a local court has taken jurisdiction of an estate by appointing a receiver does not oust the jurisdiction of the Federal court to entertain a petition in bankruptcy.

Bankruptcy Court — Comity.

6. The comity which should obtain between courts does not prevent the bankruptcy court from taking jurisdiction, if the receivership in a local court was within four months and because of insolvency. Such appointment is itself an act of bankruptcy.

Bankruptcy — Local Receiver.

7. The appointment of a local receiver is not avoided by proceedings in bankruptcy. He remains in control for the benefit of creditors under the bankruptcy law, until some contrary order is made by the bankruptcy court.

Bankruptcy — Jury.

8. A demand by a defendant for trial of the questions of bankruptcy and insolvency by a jury is premature until the petition is in proper form, but, all defects being waived, the demand will be granted and an order entered that said issue be submitted to a jury.

Opinion filed October 16, 1913.

---

*Messrs Hartzell & Rodriguez Serra* for petitioning creditors.

*Mr. F. H. Dexter* for defendant.

Matter of Camuy Sugar Co.

HAMILTON, Judge, delivered the following opinion:

A petition in this cause was filed October 2, 1913, on be-half of H. V. Grosch, H. Glide Gregory, and Guanica Central, and is verified by H. Glide Gregory to all the allegations of the petition. The petition sets up that the defendant Camuy Sugar Company owes more than $1,000, is insolvent, and that the petitioners are creditors having provable claims, which are set out, amounting in the aggregate to more than $1,000. That on June 5, 1913, within four months preceding the filing of the petition, the defendant, while insolvent, committed an act of bankruptcy in that it agreed to the appointment of a receiver in the local district court for the district of San Juan, and ad-mitted its inability to pay its obligations; in consequence of which, on June 5, an order was duly entered in the local court appointing such receivers. That on June 12 the local court directed the receiver to take possession of the properties of the Camuy Sugar Company, which he accordingly did, and has ever since remained in possession.

On the other hand, the defendant, on October 9, filed an answer under oath, denying that the petition was signed or veri-fied by three creditors having provable claims, and alleging that this court is without jurisdiction because of the pendency of the receivership proceedings in the local court; and the defend-ant further denies that it is now or was at the time of the appointment of the receiver insolvent.

1. A preliminary point suggested upon the argument is that, allowing thirty days to each month, there were not four months between June 3 and October 2, and that consequently the peti-tion was filed one day too late. This, however, is incorrect.

### Matter of Camuy Sugar Co.

Section 31 of the bankruptcy act provides a rule for counting days, but there is no provision that months shall be computed otherwise than by the calendar. Four months is to be computed as running from a fixed day of a month to the same day of the fourth succeeding month, regardless whether the intervening time be one hundred and twenty days or not. This ground of objection is not well taken.

2. It is unquestionably true that in involuntary proceedings three creditors must join, unless there be less than twelve creditors. Bankruptcy act, § 59b. Under the act of 1867 each creditor was obliged to verify. Re Rosenfields, 11 Nat. Bankr. Reg. 86, Fed. Cas. No. 12,061. The present law says that three creditors may file the petition, and there is no provision for its being verified by anyone except the creditors themselves. It is true that in this case the creditor making the verification makes it for all three claims, but the general practice throughout the law is for the creditor to conduct his own proceedings in person or by attorney. There seems to be no reason why each creditor is not required to verify his own claim, or appoint an attorney in fact to do so for him. This, however, does not go to the jurisdiction, and an opportunity will be given to supply the omission. Ex parte Jewett, 2 Low. Dec. 393, Fed. Cas. No. 7,303; Green River Deposit Bank v. Craig Bros. 6 Am. Bankr. Rep. 381, 110 Fed. 137. That each creditor must verify his own claim would seem to come within the spirit of bankruptcy general order No. 4, which says that "a creditor will only be allowed to manage before the court his individual interest."

3. It is further objected by the answer that three creditors did not join in the petition, and one of them has filed an affidavit attached to the answer to this effect. It cannot be said that

there are three bona fide creditors seeking the bankruptcy of the defendant under these circumstances. The proceeding is halted until this is corrected in some way, and two weeks will be allowed for amendment covering this defect.

4. In open court it is announced that a different creditor wishes to join in the petition. Bankruptcy act, § 59f [30 Stat. at L. 562, chap. 541, U. S. Comp. Stat. Supp. 1911, p. 1506], expressly provides that "creditors other than original petitioners may at any time enter their appearance and join in the petition." It would seem anomalous that where the jurisdiction depends upon three creditors, it should be allowable to add a third creditor by amendment, but it has been decided that this practice is correct. Collier, Bankr. 7th ed. 631; Roche v. Fox, 16 Nat. Bankr. Reg. 461, Fed. Cas. No. 11,974. The practice is now too well established to be questioned, and rests upon the practical reason that if it were not so a petition signed collusively could be abated, and in this way real creditors relying upon it would be deprived of taking advantage of the real act of bankruptcy. The test of the creditor, however, is that he was such at the time the act of bankruptcy was committed. Re Callison, 12 Am. Bankr. Rep. 344, 130 Fed. 987, s. c. 63 C. C. A. 354, 11 Am. Bankr. Rep. 797, 129 Fed. 196. The time when the petition must be sufficient as to number and amount of creditors is that of the adjudication. Creditors may join at any time before that date, and be counted, so as to make up the requisite number of creditors. Re Plymouth Cordage Co. 68 C. C. A. 434, 13 Am. Bankr. Rep. 665, 135 Fed. 1000; Re Mercur, 2 Am. Bankr. Rep. 626, 95 Fed. 634; Re Mackey, 6 Am. Bankr. Rep. 577, 110 Fed. 355. Two weeks will be al-

lowed within which to bring in the new creditor by duly verified amendment.

5. The answer raises the piont that the district court of San Juan has already taken jurisdiction of the matter by appointing a receiver, and that in comity this court should refrain from acting. All the courts of the country are parts of one whole, and should avoid acting so as to come in conflict. Where the law is clear, however, a court has no option. The bankruptcy law is to be administered exclusively by the Federal district courts, and the filing of a proper petition draws the jurisdiction to that court. The jurisdiction of other courts ceases from that time. Lathrop v. Drake, 91 U. S. 516, 23 L. ed. 414; Bardes v. First Nat. Bank, 178 U. S. 524, 44 L. ed. 1175, 20 Sup. Ct. Rep. 1000. While the district court may share with other courts suits in respects to parts of the estate, all proceedings as to bankruptcy as such, from the petition to the distribution of assets and discharge of the bankrupt, are exclusive in the Federal court. The subjects over which it possesses jurisdiction are limited, but within those limits it has every attribute of courts of general jurisdiction. Collier, Bankr. 19.

It is argued that the rule of comity does apply in this case, because the receivership contemplated by the Porto Rican law embraces the full equity jurisdiction implied by that word in the United States. Porto Rican Code of Civil Procedure, § 182 (5). If the remedy given is equivalent to that afforded by receivership in equity, it would not be material whether it was called equity or not. The law looks to the substance, not to the form. It is true that much of the jurisdiction of the English chancellor was derived by learned ecclesiastics from the civil law, and after a circuitous journey the civil law and chancery

face each other in Porto Rico, lately Spanish, now American. It may well be that the two have much in common, and the future may develop a fusion of the two systems. But at least this is not yet true. It is true that the adoption of receivership where "appointed by the usages of the courts of equity" must carry with it something of the equity law from which it is taken, but this is a matter of interpretation, an evolution which cannot yet be said to be equivalent in Porto Rican jurisprudence to the chancery practice. If it was a question of equivalence of remedy, the scale for the present would incline against the local receivership. Local suits are often stayed, as under § 11 of the bankruptcy act. But it is not necessary to place the decision upon this ground.

6. The comity which should obtain between courts requires that the court first obtaining jurisdiction shall maintain it to the end. This has been applied, even in a bankruptcy case where a state court is administering the property through a receivership. Peck v. Jenness, 7 How. 612, 12 L. ed. 841. This rule is invoked in the case at bar. There are, however, exceptions to the rule which should be noted. In the first place, if the receivership in question is to preserve the property temporarily until an adjustment can be made of its affairs, if it is a question of embarrassment rather than insolvency, the state court will not be disturbed by a Federal court. It will be observed that this would not be a case of bankruptcy. If, on the other hand, the ground for obtaining the receiver is insolvency, as is alleged in the petition in this case, the bankrupt law itself devests the jurisdiction of the state court if application is made within four months. The provision is that it is an act of bankruptcy where "because of insolvency a receiver or trustee has

been put in charge of his property under the laws of a state, of a territory, or of the United States." Bankruptcy act, § 3a (4), being the amendment of 1903 [32 Stat. at L. 797, chap. 487, U. S. Comp. Stat. Supp. 1911, p. 1493]. This being made, by the law itself, an act of bankruptcy, and the bankruptcy act as such being, by the Constitution and laws of the United States, supreme, it is impossible for this court to refuse to decline jurisdiction. Moreover, it has been held that jurisdiction of a state court must, in order to hold against Federal courts, have been taken earlier than the four months which give the Federal courts jurisdiction under the bankruptcy law. Unless this is true, no question of comity arises. Re Knight, 125 Fed. 35.

7. To prevent any embarrassment within the time which must elapse before the preliminary questions are settled in this cause, it should be noted that the appointment of the receiver by the local court is not hereby avoided. He is in control of the property of the defendant, and will remain in control until some valid order is made changing the situation. If bankruptcy should be decreed by this court, he will hold for the benefit of the creditors under the bankruptcy law. He does not hold the estate adversely to the bankruptcy court. He takes it subject to the right of creditors, in a proper case, to avail themselves of the bankruptcy law. Bryan v. Bernheimer, 181 U. S. 188, 45 L. ed. 814, 21 Sup. Ct. Rep. 557; Re Knight, 125 Fed. 39.

8. A demand is filed in this case, by the defendant, for the trial of the questions of bankruptcy and insolvency by a jury. This would be improperly before the court at this time. If there

is no proper petition against the defendant, there can be no issue to be tried by a jury.

But now, upon the delivery of the foregoing opinion, in open court the defendant waives the defects above discussed, and consents that the objections may be held as waived or withdrawn, and it will be so ordered.

Thereupon the issue before the court is the petition, now confessed to be sufficient in form, and the demand of a jury trial; and an order will be entered that said issue be submitted to a jury. Bankruptcy act, § 19; Bankruptcy Forms 6 and 7.