### In re ROMANOW et al.

(District Court, D. Massachusetts. March 10, 1899.)

#### No. 654.

1. BANKRUPTCY—ASSIGNMENT FOR CREDITORS.

A general assignment for the benefit of creditors, though an act of bankruptcy, and liable to be avoided by the subsequent adjudication of the assignor as a bankrupt, is not void originally, but only voidable. It remains valid until such adjudication is made.

2. SAME—PETITIONING CREDITORS—ESTOPPEL.

Creditors who have assented to a general assignment by their debtor, and voluntarily become parties thereto, cannot maintain a petition in involuntary bankruptcy against him, alleging such assignment as an act of bankruptcy.

3. SAME—CREDITORS JOINING IN PETITION.

Under Bankruptcy Act 1898, § 59f, providing that, in involuntary cases, creditors other than the original petitioners may enter their appearance, and join in the petition, creditors so joining in a petition subsequent to its filing may be reckoned in making up the number of creditors and amount of claims required by the act to support the petition.

4. SAME.

If a petition in involuntary bankruptcy was filed by creditors within four months after the commission of the act of bankruptcy charged, it is immaterial that certain other creditors, who joined in the petition subsequent to its filing, and before an adjudication thereon, and who are reckoned in making up the requisite number of creditors and amount of claims, did not enter their appearance, for the ,purpose of such joinder, until more than four months after the act of bankruptcy.

In Bankruptcy.

Sumner H. Foster, for petitioning creditors.
A. S. Cohen, for respondents.

LOWELL, District Judge. This case raises several interesting questions concerning the right of certain alleged creditors of the respondents to file a petition in involuntary bankruptcy against them. The act of bankruptcy alleged is a general assignment made October 4, 1898. One or more of the petitioners assented to this assignment, and the respondents object that persons so assenting cannot be parties to the petition. The objection is valid. By accepting the assignment, the creditors released their claims against the respondents, and, in place thereof, accepted claims under the assignment. Though the assignment is an act of bankruptcy, and is avoided by the adjudication, yet it is not a void instrument, but only a voidable one. Until the adjudication it is valid, and the assenting creditors are bound by their assent thereto. Hence it follows that, until adjudication, the persons who had assented to the assignment had ceased to be creditors of the respondents. If this argument be thought too technical, then it may be said that those who have become voluntary parties to the assignment, and have thus agreed to a settlement of the respondents' affairs thereunder, cannot equitably repudiate their agreement. This view was taken in the only case bearing upon the subject which I have been able to find,—Perry v. Langley, 19 Fed. Cas. 282, 283 (No. 11,006):

"If the proof was that Perry had advised the making of the assignment, or after its execution had expressly given his assent to it, as a creditor of Langley, he would have been precluded from insisting on it as an act of bankruptcy, and could not have maintained a standing in this court as a petitioning creditor."

The petition was filed January 28, 1899. On February 14th, Breitstein, a creditor of the respondents, appeared and sought to join in the petition. The respondents object that he cannot be counted in making up the necessary number of creditors required by section 59 of the bankrupt act. Paragraph f of that section reads as follows:

"Creditors other than original petitioners may, at any time, enter their appearance, and join in the petition, or file an answer, and be heard in opposition to the prayer of the petitioners."

Those who are permitted to "join in" a petition, by so doing commonly become parties to it; and the words "join in the petition," as used in paragraph e and paragraph b of the same section, plainly carry that implication. It is urged by the respondents that, if this construction be given to paragraph f, an insufficient number of creditors, or creditors having an insufficient amount of claims, may file a petition against a debtor, and obtain an adjudication by subsequently procuring other creditors to join with them, such joinder being possible at any time before the petition is dismissed. This practice, it is said, would permit a petition, at the time of its filing insufficient in substance as well as in form, to be made good by subsequent acts. It must be admitted that there is weight in this argument, but the language of the act is clear; and the inconvenience, if inconvenience there be, was not deemed by congress a controlling

consideration in the act of 1867 (see Rev. St. §§ 5021, 5025), nor in some cases, at least, under the act of 1898. See section 59b. I think, therefore, that creditors, otherwise competent to appear and join in a petition subsequent to its filing, may be reckoned in making up the number of creditors and amount of claims required by section 59.

The respondents further object that Breitstein's appearance was entered more than four months after the act of bankruptcy complained of; but this seems immaterial. Section 3b provides that the petition may be filed within four months of the act of bankruptcy. The petition was filed on January 29th, and that remains the date of its filing, though some petitioners have joined in it subsequently thereto. For instance, the date of bankruptcy is defined by section 1, subd. 10, to be the date when the petition was filed. If an adjudication is made in this case, the date of bankruptcy will be January 29th, though the adjudication be made upon the petition of one or more creditors who joined therein in the month of February. Respondents adjudged bankrupt.