## In re STEIN.

### (District Court, E. D. Pennsylvania. May 24, 1904.)

#### No. 1,944.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.
   A petition in involuntary bankruptcy, which does not show on its face that the claims of the petitioners amount in the aggregate to $500 or over, does not give the court jurisdiction, and it has no power to allow an amendment joining other creditors having claims sufficient to make up the requisite amount.

In Bankruptcy. On demurrer to involuntary petition.

Reber & Downs, for petitioning creditors.
Ben-Zion D. Oliensis, for alleged bankrupt.

HOLLAND, District Judge. An involuntary petition was filed in this court against Samuel Stein on the 9th day of May, 1904, with all the necessary averments to give the court jurisdiction, with the exception that the total amount of the creditors' provable claims set forth is $418.24. Subsequently, on May 16, 1904, petitioning creditors' counsel presented the petition of other creditors, amounting to $110, asking leave to join in the original petition. The alleged bankrupt on the same day, to wit, May 16, 1904, filed a demurrer to the jurisdiction of the court because of this defect in the petition. It is alleged in the petition for intervention that these claims were filed with the original petitioners' counsel, and that his clerk inadvertently omitted them in the original petition for involuntary bankruptcy. The reasons given for their omission cannot affect the question of the validity of the petition as a basis for invoking the jurisdiction of the court. The law requires that there shall be certain averments specified by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], and, if they are omitted, the court has no jurisdiction in the matter.

An examination of the cases reported as to this class of amendment where intervention was allowed to continue the proceedings, establishes the fact that the original petition sets forth and alleges that the petitioners were either sufficient in number, under the circumstances, or had provable claims in excess of $500.

In Re Romanow (D. C.) 92 Fed. 510, it appears from the reading of the decision that the averments therein were sufficient to give the court jurisdiction, but, after it had been filed, it appeared that some of the petitioners were not qualified. Judge Lowell permitted intervening petitioners to sustain the proceeding. He also laid down the rule that additional intervening creditors to join in the petition subsequent to its filing and before adjudication thereon can be reckoned in making up the amount of the claims necessary to give the court jurisdiction. It nowhere appears in this decision that a petition which, upon its face, shows less than the statutory amount, can be cured by subsequent intervention.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 128.

In Re Bedingfield (D. C.) 96 Fed. 190, the decision above set forth in Re Romanow (D. C.) 92 Fed. 510, was reviewed and approved. In the former case the claims of the petitioning creditors amounted to $505.70, which was set forth in the petition. Subsequently it was reduced below the statutory amount, but the court permitted an amendment prior to the adjudication; and in commenting upon the power of the court to allow amendments under the act this language was used:

"I think the objection to such practice, which Judge Lowell says was urged before him, that this would allow an insufficient number of creditors to bring a proceeding, and afterward build it up to the necessary amount by amendment, is not very serious. It would be necessary in every case, of course, that a petition in involuntary bankruptcy should, on the face of it, show that creditors participated to the amount of five hundred dollars, before a petition could be filed or a rule obtained; and these, of course, would have to be participating in good faith. Then, if afterwards, and before adjudication, it should appear that for some reason one or more of the petitioning creditors did not have debts, or their debts were not provable, and other creditors came in sufficient to make the amount necessary, they could be allowed, and the proceeding stand."

In Re Mercur (D. C.) 95 Fed. 634, the petition alleged there were less than twelve in number and one creditor filed the petition. It was subsequently ascertained that there were more than twelve creditors in number, and Judge McPherson allowed other creditors to come in to make up the necessary statutory number. This court, however, had jurisdiction upon the face of the petition, and the subsequent amendments were valid and proper.

In Re Mammoth Pine & Lumber Company (D. C.) 6 Am. Bankr. R. 86, 109 Fed. 308, the amounts set forth in the petition were over $500, as was the case in Re Edward S. Ryan (D. C.) 7 Am. Bankr. R. 562, 114 Fed. 373. In both of these cases the subsequent proceedings developed that the provable claims of the original petitioners did not amount to the sum set forth in the petition, to wit, over $500, and the court permitted an amendment prior to an adjudication. The same appears in the case lately decided by Judge Bradford in Re Mackey, 6 Am. Bankr. R. 577, 110 Fed. 355.

In many of these cases the language is so broad that at first blush it would seem to sanction the doctrine that amendments as to the amount can be made at any time before adjudication, whether the original petition set forth creditors with provable claims either above or below the sum of $500; but an examination of the cases show that in each one of them the discussion was confined to amendments allowable upon a petition containing the necessary averments required by the act, in which it was subsequently developed that there were an insufficient number of creditors, or that the provable claims were less than $500.

Section 59b, Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445], expressly states three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to $500, or over; or, if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such

amount may file a petition to have him adjudged a bankrupt. One person holding a provable claim against an alleged bankrupt in excess of $500 may file a petition in involuntary proceedings, provided it is alleged in the petition that the creditors are less than twelve. If it should turn out subsequently that there are more creditors than alleged in the petition, others may join, and the case may proceed; or, if three creditors present a petition averring that they hold provable claims against the alleged bankrupt in excess of $500, and subsequently it should appear that one or more of these claims are not valid against the bankrupt's estate, or by some arrangement one of them should be paid off and desire to withdraw, and thereby reduce the amount below the statutory requirement, it is just and proper that an amendment should be allowed. In all the cases, under these circumstances, this has been done. It is proper that it should be, in order to carry out the objects of the act, and to prevent sham petitions from being presented and held in control to the disadvantage of the general creditors of the bankrupt.

Amendment refused. The demurrer is sustained.