WARD v. CENTRAL TRUST CO. OF ILLINOIS (two cases).

In re MORRISON.

(Circuit Court of Appeals, Seventh Circuit. June 26, 1918.)

Nos. 2601, 2606.

1. RECEIVERS ⬤16—PROTECTION OF PROPERTY PENDING LITIGATION.
   The right of a court of chancery, pending outcome of a suit therein, to protect property in issue, as accrued and accruing rents of realty, and preserve its status, by appointment of a receiver, is clear.

2. APPEAL AND ERROR ⬤955—REVIEW—DISCRETION OF COURT.
   Action of chancery court, in appointing receiver to protect property pending suit, involves its discretion, and its action will not be disturbed, unless the discretion is abused.

3. BANKRUPTCY ⬤446—REVIEW—DECISION OF MOOT QUESTION.
   On petition to review in bankruptcy matter, Circuit Court of Appeals will not decide issues which have been rendered moot by receipt and possession by clerk of District Court of certain rents under order in chancery suit, found on appeal to have been proper.

Petition to Review and Revise Various Orders of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Edward W. Morrison, bankrupt, wherein the Central Trust Company of Illinois was appointed trustee. On petition by James R. Ward to review and revise various orders. Suit by James R. Ward against the Central Trust Company of Illinois, trustee in bankruptcy of Edward W. Morrison. From an order, Ward appeals. Order involved in the appeal in the chancery suit, and orders involved in the petition to review and revise in the bankruptcy proceeding, affirmed.

James R. Ward, of Chicago, Ill., for petitioner and appellant.
James Rosenthal, of Chicago, Ill., for respondent and appellee.

Before ALSCHULER and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. Petition in bankruptcy against Morrison was filed August 8, 1916, and the Central Trust Company was appointed receiver. On representation of the receiver that James R. Ward was holding real estate which actually belonged to Morrison, on August 23, 1916, the court made an order restraining the tenants of the real estate from paying rent to any other than the receiver, and directing its payment to the receiver until further order of the court.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It does not appear that any of the rents came into the hands of the receiver, and on February 27, 1918, the court entered a further order, modifying the first order, and directing the tenants to pay the accrued and accruing rent to the clerk of the court, in pursuance of an order of same date made by the District Court in a chancery proceeding as hereinafter referred to. The action of the court in entering these orders in the bankruptcy proceeding is the subject-matter of petition for review involved in the first above named cause.

The second is an appeal from an order of the same District Court, entered February 27, 1918, in a chancery proceeding commenced therein by the trustee in the Morrison bankruptcy, who had filed a plenary bill against Ward and the tenants, charging that Morrison had, prior to the bankruptcy proceeding, conveyed the real estate to Ward in fraud of his creditors, as well as by way of preferring Ward in the payment of certain claims which Ward alleges he had against Morrison, and praying for an accounting, and that Ward be temporarily and permanently restrained from disposing of the real estate, and from collecting the rents, and that a receiver be temporarily appointed to collect the accrued and accruing rents, those accrued being alleged to be all the rents earned from and after the date of filing the petition in bankruptcy. The order entered by the court directed the tenants of the real estate to pay to the clerk, and directed the clerk to receive, hold, and deposit in responsible banks all the accrued and accruing rents of the real estate, specifically enumerating those for September, 1916, and each and every month thereafter, for disposition as the court may direct.

[1, 2] It is contended for appellee that appeal does not lie from this order. But assuming, without determining, appealability, we meet appellant's complaint that the order was in any event unwarranted. The right of a court of chancery, pending the outcome of a suit therein, to protect property in issue and preserve its status, is clear. M. & M. Ry. Co. v. Soutter, 154 U. S. 540, 14 Sup. Ct. 1158, 17 L. Ed. 616; Sage v. Memphis, etc., Ry., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694. Such action on the part of the court involves the exercise of its discretion depending upon the particular facts and circumstances of each case, and if upon review it does not appear that the court abused its discretion in that regard, its action will not be disturbed. See cases cited above. Examination of the moving papers upon which the District Court acted in making the order, as appears from the transcript, not only fails to show that its discretion was abused, but, on the contrary, convinces us it was reasonably and wisely exercised; and we find no ground for disturbing the order of the court in chancery from which the appeal herein is taken.

[3] The receipt and possession by the clerk of these rents under the order in the chancery suit being thus found to be proper, there is no need for further considering or deciding the issues raised by the petition for review in the bankruptcy matter, these being now moot, and their decision would serve no useful purpose in this litigation.

The order of the District Court involved in the above-mentioned appeal in the chancery suit, and the orders of the district court involved

in the above-named petition to review and revise in the bankruptcy proceeding, are both affirmed.

Judge Kohlsaat, since deceased, sat at the oral argument, and on con-ference concurred in this result, but did not see the opinion.

---

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes