## CITY BOND & FINANCE, Inc., et al. v. GRANT.

Circuit Court of Appeals, Eighth Circuit.
January 14, 1929.

No. 8046.

672

Charles R. Enos and Harold H. Healy, both of Denver, Colo. (Theodore A. Chisholm, of Denver, Colo., and Edward C. Murane, on the brief), for appellants.

R. R. Rose, of Casper, Wyo. (George P. Winters and R. S. Fillius, both of Denver, Colo., on the brief), for appellee.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge. From an order appointing a temporary receiver in equity the appellants, hereinafter referred to as defendants, have prosecuted their appeal.

They challenge the sufficiency of the bill and the proof thereunder to support the order of the chancellor below. Moreover, they allege sundry errors at the hearing.

It is alleged in the bill that the defendant City Bond & Finance, Inc., was a Colorado corporation which began business about January 29, 1927, and that it was "engaged in a purported brokerage business for the purpose of buying and selling stocks, bonds, grains and securities."

The bill alleges in substance that it took over a similar business previously operated by its incorporators under the several names of Hill, Weaver & Co., and James D. Hill & Co., copartnerships. The copartnership of Hill, Weaver & Co. operated from August 1, 1926, to November 1, 1926, at which time it was succeeded by the copartnership of James D. Hill & Co., which continued until the formation of the corporate defendant.

The appellee, hereinafter referred to as complainant, further alleges in his bill that he had a series of transactions with the defendants, beginning September 2, 1926. At that time he made an order for the purchase of certain shares of stock through the agency of defendants and deposited with them securities "to cover the margin of 20 per cent. on the purchase price." Thereafter and up until the 2d day of March, 1927, he made other and further orders and numerous deposits as in the case of the first transaction.

During said time he instructed the defendants from time to time to sell certain of his shares of stock purchased through them and credit his account. It is claimed by him that numerous orders for the purchase of stocks had been given and deposits made as in the original transaction, and frequent orders to sell had also been given with instructions to credit his account.

Complainant averred in his bill that the purchase orders were not all executed as given; that he was not credited with proper proceeds of sales made on his behalf; that his securities had been appropriated and used by the defendants; and that in all things the defendants were and had been in a fraudulent scheme to defraud the complainant and others in like situation.

Complainant prays for a sequestration of the securities so deposited by him and an order restraining alienation thereof, and having alleged that the defendants had secreted his securities, he asks for a discovery and for an accounting of all transactions between the complainant and the defendants. As an aid in effectuating these remedies, he asks for the appointment of a receiver.

The application for the appointment of a temporary receiver was heard upon ex parte affidavits and oral testimony and statements. Complainant's affidavit embodied the main allegations of his bill. He particularly asserted that the defendants had informed him on March 6, 1927, that a certain sale of stock had not been made as directed by him. Upon inquiry he said that he had ascertained that his orders had not been executed as given and that as a result of his transactions with defendants he had lost approximately $7,000.

The statement of L. P. Holmberg, who became a bookkeeper for the defendants in the year 1926, supported the allegations of complainant's bill to the effect that many of his orders were never executed. He said that the defendants maintained what it designated the "23 account" for its fictitious selling orders of stocks and "99 account" for its fictitious selling orders of grain. The statement of Mr. Holmberg otherwise supported the allegations of complainant's bill.

Contrary and explanatory oral evidence was submitted by the appellants. The trial court was impressed more favorably with the showing made by the complainant and made the order appointing a temporary receiver.

The original bill named as one of the defendants Arthur W. Swanson. This defendant, with complainant, was a resident of the

state of Wyoming. The defendants thereupon moved to dismiss the bill upon the ground that there was not a requisite diversity of citizenship so as to confer jurisdiction upon the federal court. This motion was sustained, whereupon complainant dismissed as to the said Swanson and proceeded as against the remaining defendants who admittedly resided in states different from that of the complainant.

It is urged by the defendants that the said Swanson was an indispensable party, and for that reason the cause should now be dismissed.

Moreover, it is contended that the amended bill of complaint was such a departure from the original bill as to constitute a different cause of action. These several matters of complaint will be considered in the course of the opinion.

 1. Swanson, who was named as one of the defendants in the original bill, was a member of one of the predecessor copartnerships. It is alleged in the bill that each of the said copartnerships continued for a brief period, and that the business thereof was taken over by the corporate defendant. There is no contention that the partnerships as such have any of the securities or assets sought to be reached by complainant's bill. In fact, it is alleged that such copartnerships ceased on dates specified in the bill.

It is asserted, however, that individual members had been guilty of secreting the assets. It is very evident that Swanson would not be affected adversely or otherwise by any decree that might be entered, save only indirectly as a stockholder of the corporate defendant. Even if the court should grant complainant all the relief he seeks, the rights of Swanson would not be injuriously affected, nor would such a decree be "inconsistent with equity and good conscience." This is the test as to whether a party is indispensable or not. Rogers v. Penobscot Mining Co. (C. C. A.) 154 F. 606. The rule is so thoroughly established as not to require the citation of authorities.

2. An examination of the amended bill and a comparison with the allegations of the original bill disclose that substantially identical averments were made in each and the same relief sought.

 3. The amended bill states a cause of action in equity; it alleges fraud and deception practiced by the defendants in obtaining money and securities of the complainant and that same were not used as directed and agreed upon. Moreover, it is asserted in the bill that such securities have been misappropriated and secreted, and that all the assets are being wasted and dissipated. The relief sought is a discovery of such secreted securities, an accounting of the various transactions carried on between complainant and defendants, and a sequestration of the securities deposited by complainant. This is sufficient. Equitable Trust Co. of New York v. Great Shoshone & Twin Falls Water Power Co. (C. C. A.) 245 F. 697; 23 R. C. L. p. 9, § 3; 34 Cyc. 18.

 4. It is contended by the defendants that the trial court erroneously admitted the testimony of one J. P. Creitz over their objections. Creitz related the substance of a loose conversation he had had with Arthur W. Swanson, acting vice president of the corporate defendant. This conversation had no connection with the duties of his office as vice president, and it did not appear that the said Swanson had any authority to make admissions on behalf of the corporation. If admitted over objection, such evidence was error. New York Life Ins. Co. v. Rankin (C. C. A.) 162 F. 103, loc. cit. 108. However, the affidavit and testimony of complainant, and the statement of Holmberg and other evidence, was sufficient to sustain the order of the court.

Moreover, an examination of the oral opinion of the trial court indicates that there was no consideration given to the admissions claimed to have been made by Swanson. On the contrary, the decision was based upon the obvious prima facie case made by complainant with other evidence and, as stated, the unsatisfactory explanation "brought forward by the defendants."

The trial court characterized the affidavits and testimony of the defendants as "more or less evasive." "Defendants do not squarely meet the issues presented."

Again, the record shows that when the witness Creitz gave a part of his testimony, a motion was made to strike it out on the ground "that the declaration of an agent not within the scope of his authority nor in the course of the negotiation to which it refers is not admissible against the principal."

The court properly replied: "He is not making any admission as far as I can see. He has not testified to a single thing yet." No further objection or motion was made, although thereafter the witness testified to admission made by Swanson in a conversation which was clearly inadmissible.

 5. The averments of complainants' bill and his evidence in support thereof show such a state of fraud, deceit, mismanagement, and waste as to warrant the interposition of a court of equity. Moreover, it would appear

from his bill and proof thereon that he has a clear legal right to property in the hands of the corporate defendant and possibly other defendants.

6. The appointment of a temporary receiver was, under the circumstances of this case, within "the sound judicial discretion of the court of original jurisdiction." It does not appear that the court "departed from the rules and principles of equity established for its guidance." Folk v. United States (C. C. A.) 233 F. 177, loc. cit. 182; Sage v. Memphis, etc., Railroad Co., 125 U. S. 361, 8 S. Ct. 887, 31 L. Ed. 694.

Its decree will be affirmed.