## CHRISTIAN v. R. HOE & CO., Inc.
### No. 196.

Circuit Court of Appeals, Second Circuit.

Feb. 20, 1933.

See, also, 63 F.(2d) 218.

Samuel Hoffman, of New York City (David W. Kahn, of New York City, of counsel), for appellant.

Hughes, Schurman & Dwight, of New York City (Frank C. Fisher and Curtiss E. Frank, both of New York City, of counsel), for Irving Trust Co. permanent receiver in equity for R. Hoe & Co., Inc., receiver-appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The defendant is engaged in the manufacture and installation of printing presses. Its corporate structure was 96,000 issued class A shares and 160,000 shares of common stock. It owed $4,500,000 first mortgage bonds due October 1, 1934, reduced to $3,171,000 by sinking fund payments, secured by a mortgage on the defendant's real estate, plant, machinery, and on the stock of a wholly owned subsidiary British corporation. Defendant also owed $800,000 7 per cent. unsecured notes due October 1, 1934. There was a first and second purchase money mortgage on its main plant of $551,000. On March 15, 1932, the board of directors of the defendant passed a resolution stating that the corporation was unable to meet the interest and sinking fund installments of the first mortgage bonds due April 1, 1932. A similar resolution of inability to pay interest on the unsecured notes was passed. Subsequently committees were formed to protect bondholders, note holders, and class A stockholders. On April 1, 1932, the defendant defaulted on the bonds and notes.

On April 11, 1932, the appellant, a holder of five bonds under that mortgage, brought an action in the state court against defendant, a New York corporation, in his own interest and in behalf of others who might join, alleging defendant's insolvency, and asking for the appointment of a receiver of its assets. The defendant, by its counsel, Messrs. Baldwin, Hutchins & Todd, moved to dismiss the complaint, and the appellant moved for a temporary receiver. These motions were argued before a justice of the Supreme Court on April 18, 1932, who reserved decision. On the same day (April 18th), defendant's board of directors resolved to consent to an equity receivership to be commenced in the District Court of the United States. On April 19, 1932, defendant's counsel submitted a memorandum of law on the motions made before the justice of the state court and on April 20th submitted an affidavit asserting the defendant's solvency. On April 21, 1932, while the motion was pending and undetermined in the state court, this suit was begun by the plaintiff, a nonresident creditor, who a few days before received an assignment from a bona fide creditor of an obligation incurred by the defendant and not yet due. The de-

fendant filed its answer to this bill in equity consenting to a receivership to conserve the assets of the corporation, and the Irving Trust Company and the president of defendant, H. R. Swartz, were appointed temporary receivers. An order was entered appointing the firm of Baldwin, Hutchins & Todd receivers' attorneys on the recommendation of the Irving Trust Company. On April 27, 1932, the justice of the state Supreme Court, having heard of the proceeding in the federal District Court, denied the appellant's motion for a temporary receiver, stating he did so in order to avoid any conflict between the state and federal jurisdiction. He denied the motion to dismiss the complaint. On May 12th, appellant's motions to vacate the orders appointing the temporary receivers were denied. He appeals from the orders entered, and the appeals have been consolidated.

The plaintiff is the assignee of a Pennsylvania corporation. The assignment was made a few days before the receivership, although the corporation did business with the defendant for upwards of thirty years. The merchandise, the subject of the claim of the plaintiff, was sold and delivered on a 30 days' credit between April 8th and 16th, and therefore when this suit started the indebtedness was not yet due. The complaint alleges "that there is due and owing by the defendant to the plaintiff the sum of $3243.20 upon a certain obligation for goods sold and delivered by Jones & Laughlin Steel Corp. to the defendant of the agreed and reasonable value of $3243.20 in accordance with statements hereto attached, marked 'Schedule B,' 'Schedule C' and 'Schedule D'; that said obligation has heretofore been duly and absolutely assigned to the plaintiff." Schedules B, C, and D show a 30-day credit. Nowhere in the record is there a claim that the plaintiff was otherwise a creditor.

Prior to the time of this application, it appears that attorneys Baldwin, Hutchins & Todd, by a letter filed with the directors' minutes of defendant, strongly urged filing a federal equity receivership application and prepared formal resolutions which were adopted by the board of directors April 18th, authorizing the filing of an answer consenting to any bill in equity for appointment of receivers in the federal court. On April 20th the treasurer submitted to the state Supreme Court an affidavit in opposition to the state receivership proceeding, stating that the corporation was "abundantly solvent" and that its position and financial condition was substantially the same as of December 31, 1931. Having filed this affidavit, on April 21st, de-

fendant appeared before the District Judge and consented to the plea for a receivership there upon the basis of insolvency. The Supreme Court justice was not advised of the action of the board of directors agreeing to a receivership, nor was he advised of the preparation made for a receivership in the federal court. But the District Judge who appointed the receivers was fully advised of the application made by this bondholder for the receiver in the state court. An attorney other than Baldwin, Hutchins & Todd filed the answer consenting to the receivership in the federal court. Baldwin, Hutchins & Todd had been defendant's attorneys for several years. Equity Rule 11 of the District Court prohibits the employment by a receiver of the attorneys for the defendant except as special attorney in litigations or other matters pending at commencement of the suit. But the attorneys have since resigned, and the attorneys now appearing for the receivers have been substituted.

The Supreme Court justice, in denying the motions for the receiver said: "Although disturbed upon learning of the appointment * * * decision has been held in abeyance awaiting some word of explanation of counsel. None has been received from the defendant." The court said further: "A receiver having been appointed by the Federal Court, there is no necessity for such appointment by this Court * * *"

The action in the state court sought a general receivership over the assets of the defendant for the benefit of creditors. It was not an action to foreclose the mortgage, nor was there a prayer for a receiver in any instances referred to in the state statutes. Section 150 of the N. Y. General Corporation Law (Consol. Laws N. Y. c. 23); section 974 of the Civil Practice Act. The appellant maintained in the state court he had a common-law right to sue on the bonds to enforce a debt due him from the defendant, both under the coupons and the bonds. Although the bonds had not been declared to be due under the terms of the mortgage issued as security therefor, it was urged that the failure to pay interest on April 1, 1932, made the coupons in default on that date and that the appellant had rightfully brought his action as if upon promissory notes. General Investment Co. v. I. R. T., 200 App. Div. 794, 193 N. Y. S. 903, affirmed 235 N. Y. 133, 139 N. E. 216; Enoch v. Brandon, 249 N. Y. 263, 164 N. E. 45; Rothschild v. Rio Grande Western R. R., 84 Hun, 103, 32 N. Y. S. 37, affirmed 164 N. Y. 595, 58 N. E. 1091. We need not examine the merits of this claim or the right to main-

tain the action in the state court. That was a subject for the state court's determination. With knowledge of the application for receivership in the state court prior to the filing of this bill, the District Judge below, because of the rule of comity, should have declined jurisdiction, even though he may have taken the view that the plaintiff, as a bondholder, could not maintain his action successfully in the state court (Greene v. N. Y. United Hotels, Inc., 236 App. Div. 647, 260 N. Y. S. 405), or that the state court could not afford relief to the appellant there on an application in a common-law action for receivership (Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; Mahon v. Ongley Elec. Co., 156 N. Y. 196, 50 N. E. 805).

We regard the case of Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 273, 72 L. Ed. 457, authoritative under these circumstances. In that case, the stockholder's bill was filed in the state court of Illinois seeking the appointment of receivers of the corporation. While proceedings were there pending undetermined, a creditor's bill was filed in the federal court with the consent of the defendant and an equity receiver was appointed. In the federal court appointment the court was not advised, as it was in the instant case, of the state court application. The Supreme Court held that the state court had acquired jurisdiction before the federal court suit was begun and that it was the duty of the federal court to at once relinquish the jurisdiction it had assumed and return the property to the state court receivers upon conditions there imposed. Chief Justice Taft, writing, approved the Circuit Court of Appeals' [13 F.(2d) 617] condemnation of the so-called friendly receivers, and issued the admonition that a receivership is for the benefit of all creditors, and that the court should examine with nicety the question of the rights of the parties to have a receiver, and should advise itself with regard to the circumstances making it its duty to exercise jurisdiction. The cases are very similar.

The court said: "It is unnecessary to rehearse the evidence of the persons engaged in this combination to secure in the federal court the earlier receivership; but it is very clear that the whole suit in which the receiver was appointed was brought to secure that end before the action of the state court, and that the prime actor in the whole matter, which it does not do injustice to say had elements of a conspiracy, was the * * * Company." And: "The * * * Corporation was advised that the creditor's bill to be filed could not be sustained because the nom-inal plaintiff was not a judgment creditor * * * and that that defect could only be remedied and immediate court action secured by an answer of the company admitting the averments of the bill and consenting to a receivership. * * * So simultaneously with the filing of the bill, the answer and consent were filed in the federal court. The complainant in the bill was as much the company's agent and tool in bringing the bill as was the Woolen Mills Corporation's own attorney in filing the answer, and in this aspect the suit was collusive."

And the court further said: "What was done here in delaying the state court and inducing the federal court to act without a full disclosure of what had been done in the state court, was a fraud, not only upon the state court, but upon the federal court itself, and, when the federal court learned the method by which its jurisdiction to appoint a receiver had been invoked, it should have denied to those who were guilty the further use of its jurisdiction until after the state court had been given an opportunity to exercise the jurisdiction which it was entitled to exercise. * * * *"

The court clearly pointed out that, as between two courts of concurrent and co-ordinate jurisdiction, the court which first obtains jurisdiction and has constructive possession of the property by filing a bill, is entitled to retain it without interference, and it cannot be deprived of the right to do so because the other may have obtained prior physical possession by its receiver of the property in dispute. The facts we have recited clearly demonstrate the desire to avoid the jurisdiction of the state court and to proceed in the federal court.

In Kingsport Press, Inc., v. Brief English Systems, Inc., 54 F.(2d) 497, we approved a consent receivership on a simple creditor's bill, but there was in that case affirmative proof of good faith submitted by the parties in applying. We found there was no abuse of discretion such as arose in Harkin v. Brundage, supra, and that the complainant was not a mere dummy acting without risk or expense and was a creditor acting in its own behalf through its own attorneys.

As stated, in the present case, an assignee was procured a few days before receivership; the state court judge who had jurisdiction was not advised of these proceedings in the federal court nor indeed of the desire on the part of the defendant, expressed by preparatory acts days prior to the state court proceedings, to obtain a receivership in any

court. The learned state court judge, with commendable dignity, avoided a conflict in refusing receivership until this court had acted.

█ The appellant has acted with diligence in seeking a remedy. He at once made a motion to vacate the receivership, which practice we have sanctioned [Kingsport Press, Inc., v. Brief English Systems, Inc. (C. C. A.) 54 F.(2d) 497; Mitchell v. Lay (C. C. A.) 48 F.(2d) 79], and has promptly prosecuted his appeal from the denial of the application. However, the property of the defendant corporation has been in the hands of the receiver who has been actively engaged in managing its business, and it should remain there. Its condition has changed. The rights of innocent creditors are involved, and there is some representation that there are receiver's creditors. If the appellant is so advised, he may renew his application in the state court under the bill there pending for the appointment of receivers in that court, and, if that be granted, the procedure in the Harkin v. Brundage Case will be followed and the bill of complaint herein will be dismissed. If the application be denied in the state court, the receivers may continue as temporary receivers of the property of the defendant until proceedings are taken in conformity with the opinion handed down this day on the appeal of Samuel Zirn, a creditor, who appeals from an order making permanent this receivership.

Order modified in conformity with this opinion.