**PIANTA v. H. M. REICH CO., Inc., et al.**
No. 386.

Circuit Court of Appeals, Second Circuit.
May 20, 1935.

Prentice & Townsend, of New York City (Glenn W. Woodin, of Dunkirk, N. Y., and Robert Kelly Prentice and Myron T. Townsend, both of New York City, of counsel), for appellant.

Brunstrom & Fletcher, of Jamestown, N. Y. (William H. Fletcher, Jr., of Jamestown, N. Y., of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

H. M. Reich Company, Inc., is a New York corporation which operated a chain of retail stores in Jamestown, N. Y., and certain cities in Western Pennsylvania. In June, 1932, it sustained a fire loss which it contended the Stuyvesant Insurance Company had insured. On August 15, 1932, Caesar Pianta, a simple contract creditor of the Reich Company, filed his bill of complaint in the court below asking for the appointment of receivers to conserve its assets. Jurisdiction was grounded on diverse citizenship, but the complaint showed on its face that the plaintiff's claim was for only $600. The defendant immediately answered admitting the allegations of the bill and joining in its prayer for relief; and receivers were forthwith appointed. They were authorized to bring suit against the insurance company and did so in a state court, obtaining a verdict and judgment; but the insurance company's motion for a new trial for newly discovered evidence was granted, and, on appeal, the order was affirmed with costs. The receivers then applied to the court below for the order here in question on an order to show cause directed to all creditors, including the insurance company. Over its opposition the order was granted. The order provided in substance: (1) That First National Bank & Trust Company of Montclair, N. J., a creditor of the Reich Company, be joined as a party plaintiff in Pianta's suit; (2) that all acts of the receivers be ratified and approved in so far as their validity depended upon the jurisdiction of the District Court in appointing them; (3) that the receivers pay the insurance company the appellate costs awarded by the state court; (4) that the receivers be authorized to secure from sundry persons reassignments of the claim against the insurance company; (5) that the receivers proceed with the retrial of the action against the insurance company, and employ counsel therefor; and (6) that the receivers pay the fees and disbursements of one Okerlind as an appraiser in the receivership. From all the provisions of this order, except those listed above as (3), the insurance company has appealed. Its principal attack, however, is centered on the absence of jurisdiction of the District Court over Pianta's suit and the lack of power to cure this defect by joining an additional party plaintiff.

The appellees' brief makes no attempt to sustain the order appealed from, but contends that the appeal must be dismissed because (1) the order is not appealable and (2) the appellant has no standing to question it. The appellees' attack upon the jurisdiction of this court must be first disposed of.

The insurance company is a creditor of the Reich Company in the sum of $1,007.17 for the premium on the insurance policy in litigation. It appeared on the return day of the order to show cause why the receivers' petition should not be granted, and opposed the application. The order

is in effect like an order making a receivership permanent, or refusing to vacate a receivership, for it seeks to validate the previous appointment of the receivers and to authorize future action by them. We think that such an order is final and conclusive upon the creditors of the Reich Company, and may be appealed from. See Johnson v. Manhattan R. Co., 289 U. S. 479, 495, 53 S. Ct. 721, 77 L. Ed. 1331; Christian v. R. Hoe & Co., 63 F.(2d) 218 (C. C. A. 2); Mitchell v. Lay, 48 F.(2d) 79, 85 (C. C. A. 9) certiorari denied 283 U. S. 864, 51 S. Ct. 656, 75 L. Ed. 1469; Christian v. R. Hoe & Co., 63 F.(2d) 221 (C. C. A. 2); Kingsport Press, Inc., v. Brief English Systems, Inc., 54 F. (2d) 497 (C. C. A. 2) certiorari denied Owen v. Kingsport Press, 286 U. S. 545, 52 S. Ct. 497, 76 L. Ed. 1282; compare Grand Beach Co. v. Gardner, 34 F.(2d) 836 (C. C. A. 6). There is no merit in appellees' contention that the appellant has no standing to appeal because it was not an original party to the suit and has not sought to intervene. The appellant, having appeared in opposition to the order to show cause, is "like a defendant who is summoned by process of court and after an adverse ruling has the right to appeal." Christian v. R. Hoe & Co., 63 F.(2d) 218 (C. C. A. 2); Mitchell v. Lay, 48 F.(2d) 79, 85 (C. C. A. 9); see, also, West v. Radio-Keith-Orpheum Corporation, 70 F.(2d) 621, 624 (C. C. A. 2).

We turn now to the appellant's attack upon the jurisdiction of the District Court. The complaint in the receivership action showed on its face that the plaintiff's claim was for only $600. The complaint was thus fatally defective in its averment of facts on which to ground federal jurisdiction, for it is settled that in a suit for the appointment of a receiver the jurisdictional amount is determined by the size of the plaintiff's claim and not the alleged amount of the assets of the debtor corporation. Lion Bonding Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 67 L. Ed. 871. Nor is it material that the defendant corporation consented to the original petition. Consent of the parties can never confer jurisdiction upon a federal court. Mitchell v. Maurer, 293 U. S. 237, 244, 55 S. Ct. 162; Chi. B. & Q. R. Co. v. Willard, 220 U. S. 413, 420, 31 S. Ct. 460, 55 L. Ed. 521; Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 24 S. Ct. 598, 48 L. Ed. 870; Athan v. Hartford Fire Ins. Co., 73 F.(2d) 66, 67 (C. C. A. 2). The district judge should have dismissed the suit

upon his own motion, instead of appointing receivers. As has been stated, an attempt was made below to supply the defect in jurisdiction nunc pro tunc through an order directing the intervention of a creditor whose claim exceeded the jurisdictional amount, and the ratification of all acts of the receivers in so far as they depended for their validity upon the jurisdiction of the District Court. We think the district judge has no power to enter such an order. The right to intervene presupposes an action duly brought, and if jurisdiction is lacking at the commencement of the suit, it cannot be aided by the intervention of a creditor with a sufficient claim. See Texas Portland Cement Co. v. McCord, 233 U. S. 157, 163, 34 S. Ct. 550, 58 L. Ed. 893; Kendrick v. Kendrick, 16 F.(2d) 744, 745 (C. C. A. 5), certiorari denied 273 U. S. 758, 47 S. Ct. 472, 71 L. Ed. 877; Ayer v. Kemper, 48 F. (2d) 11, 14 (C. C. A. 2), certiorari denied Union Trust Co. v. Ayer, 284 U. S. 639, 52 S. Ct. 20, 76 L. Ed. 543; Cohn v. Cities Service Co., 45 F.(2d) 687, 689 (C. C. A. 2); Ford, Bacon & Davis, Inc., v. Volentine, 64 F.(2d) 800, 801 (C. C. A. 5). Nor can the intervention be regarded as an original proceeding for the purpose of sustaining jurisdiction from the date the petition to intervene was granted. The record fails to show that any service was made or attempted to be had on the defendant corporation as required when an original action is instituted. The intervention was merely an appearance in the original suit and must abide the fate of that suit. Texas Portland Cement Co. v. McCord, supra. Moreover, the defendant had never consented to the petition for intervention, so that even if the petition could be treated as a new suit the court could not yet appoint receivers. The receivership suit should be dismissed for want of jurisdiction and the order appealed from must be deemed coram non judice.

This conclusion is not inconsistent with the established practice in bankruptcy. In bankruptcy it is well settled that a defect in a petition may be cured nunc pro tunc through the intervention of additional creditors, and it is unnecessary to rely upon a new act of bankruptcy within four months of the intervention. Canute S. S. Co. v. Pittsburgh Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287; Hibel Fur Co. v. Strongin, 33 F.(2d) 30 (C. C. A. 1); In re Bolognesi, 223 F. 771 (C. C. A. 2); In re Stein, 105 F. 749 (C. C. A. 2). However, the cases above cited applied this rule when

the original petition was sufficient on its face as having been filed by the requisite number of creditors with the requisite total of claims but became defective on a showing that a creditor was for some reason disqualified from joining in the petition. Other bankruptcy cases have indicated that. where the petition is insufficient on its face or, though sufficient, was a sham prepared with a view of being later supported by the intervention of creditors, intervention will be ineffectual to cure the defect. In re Stein, 130 F. 377 (D. C. Pa.); Robinson v. Hanway, Fed. Cas. No. 11,953 (D. C. Pa.); In re Bedingfield, 96 F. 190 (D. C. Ga.); see, also, Manning v. Evans, 156 F. 106 (D. C. N. J.); In re Harris, 299 F. 395, 398 (C. C. A. 1). In the case at bar the insufficiency appeared on the face of the bill of complaint so that even if the analogy of the bankruptcy practice were applied, the jurisdictional defect was not cured by intervention of a new party plaintiff.

The order is reversed, and the case remanded, with directions to dismiss the receivership suit.