MAYOR AND CITY COUNCIL OF BAL-
TIMORE, a municipal corporation

v.

Harry WEINBERG and Jeanette Wein-
berg his wife;  Morton Weinberg
and Joseph Weinberg.

Civ. No. 12362.

United States District Court
D. Maryland.

Jan. 10, 1961.

Harrison L. Winter, City Sol., and A. Jerome Diener, Asst. City Sol., Baltimore, Md., for plaintiff.

Lawrence I. Weisman, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiff has moved to remand this condemnation suit to the Superior Court of Baltimore City, whence it was removed to this Court by a petition alleging diversity jurisdiction.

Plaintiff, a municipal corporation of the State of Maryland, filed a petition for condemnation in the State Court on July 19, 1960, naming as defendants Harry Weinberg, Jeanette Weinberg, his wife, Morton Weinberg and Joseph Weinberg. Harry, Jeanette and Morton, the owners of the property sought to be condemned, are citizens of Pennsylvania. Joseph is a citizen of Maryland. At the time of the institution of the suit in the State Court, Joseph was a mortgagee of record of the property. However, the parties have stipulated that his mortgage was actually satisfied in August, 1959, but through inadvertence the release was not recorded until July 20, 1960. The petition for removal was filed on July 28, 1960. It alleges the foregoing facts and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. In accordance with Maryland practice, the petition for condemnation did not allege the value of the property or any amount in controversy.

**1.** Before removal, on motion of plaintiff appraisers had been appointed by the State Court and had made their report, plaintiff had tendered the appraised value of the property to defendants, and defendants had refused the offer. Plaintiff contends that these facts barred removal, but defendants neither did nor failed to do anything which would waive their right to remove. 28 U.S.C.A. § 1446(b); Davila v. Hilton Hotels, D.P.R., 97 F.Supp. 32; Town of Edenton v. Hervey Foundation, E.D. N.C., 71 F.Supp. 998, 999.

**2.** Plaintiff's contention that it is not a citizen of the State of Maryland within the meaning of the diversity statute, 28 U.S.C.A. § 1332, is without merit. O'Neill v. Early, 4 Cir., 208 F.2d 286, 288; Weyerhaeuser v. State Roads Commission, D.Md., 187 F.Supp. 766; Annotation, 147 A.L.R. 786, at page 790.

**3.** Nor is there any merit in plaintiff's contention that the requisite jurisdictional amount must appear in the complaint or other original pleading filed by a plaintiff. "Removability is determined by the allegations of the complaint if it sets up the amount in controversy, and, if it does not, the court may look to the petition for removal." Davenport v. Proctor & Gamble Mfg. Co., 2 Cir., 241 F.2d 511, 514, 63 A.L.R.2d 1350.

**4.** The most difficult question raised by plaintiff is whether diversity jurisdiction is destroyed by the fact that Joseph, a citizen of Maryland, was apparently a necessary party at the time the petition for condemnation was filed in the State Court. It appears from the petition for removal, the motion to remand and the stipulation filed in connection with the hearing thereon, that the mortgage held by Joseph had in fact been satisfied before the petition for condemnation was filed, but that through inadvertence the release of the mortgage was not recorded until the day after the petition was filed. On the record, therefore, Joseph was a necessary party, although in fact he was not. The precise question presented by these facts has not been

decided or discussed in any authority cited or found, so we must consider the general principles of diversity jurisdiction and various analogous situations.

■ "To sustain diversity jurisdiction there must exist an 'actual,' Helm v. Zarecor, 222 U.S. 32, 36 [32 S.Ct. 10, 11, 56 L.Ed. 77], 'substantial', Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 81 [41 S.Ct. 39, 65 L.Ed. 145], controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267 [2 L.Ed. 435]." City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47. Such diversity must exist both at the time of the commencement of the suit and at the time of the petition for removal, Yulee v. Vose, 99 U.S. 539, 25 L.Ed. 355, but the right to remove is not defeated by the presence of nominal, formal or unnecessary parties. Salem Trust Co. v. Mfg's Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628. It has also been stated that "a court looks to the citizenship of the real parties in interest; and when there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded." Hann v. City of Clinton, 10 Cir., 131 F.2d 978, at page 981. See also City Bond & Finance, Inc. v. Grant, 8 Cir., 30 F.2d 671, 673.

■ "The mere form of the pleadings may be put aside and the parties placed on different sides of the matter in dispute according to the facts," Removal Cases (Meyer v. Delaware R. R. Const. Co.), 100 U.S. 457, 468–469, 25 L.Ed. 593; the court should look "beyond the formal arrangement made by the bill" to the "actual controversy." Helm v. Zarecor, 222 U.S. 32, 36, 32 S.Ct. 10, 12, 56 L.Ed. 77. However, in a recent case dealing with realignment in a stockholder's derivative suit the Supreme Court held that the issue of antagonism should be determined "on the face of the pleadings and by the nature of the controver-

sy". Smith v. Sperling, 354 U.S. 91, 96, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205.

The second paragraph of 28 U.S.C.A. § 1446(b), added in 1949, provides:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The case at bar falls within the spirit of the statute, but at least one court has held that the statute must be strictly and literally construed. Putterman v. Daveler, D.Del., 169 F.Supp. 125. Compare Bradley v. Halliburton Oil Well Cementing Co., E.D.Okl., 100 F.Supp. 913, where the fact effecting the change in status was apparently first made part of the record in the petition for removal.

The stipulation removes any possible doubt about the fact that the mortgage had been satisfied before the petition for condemnation was filed in the State Court. It is, therefore, unnecessary to decide whether any dispute which might have existed on that score could properly have been determined by this Court. Joseph was not a necessary party and should be disregarded in determining whether there is diversity of citizenship between the real parties in interest.

5. The petition for removal is carelessly written. It is signed by counsel as "Attorney for Petitioners", but it does not show who the petitioners are. Since the plural is used, it may be assumed that there is more than one petitioner, and since the petition is acknowledged by Harry to be "true to the best of his knowledge, information and belief", it may be inferred that he is one of the petitioners, but there is nothing in the petition to show that both Jeanette and Morton were also petitioners.

■ Despite this ambiguity, in plaintiff's motion to remand and in the

argument thereon, plaintiff has treated the petition as having been filed on behalf of all the defendants except Joseph, and the allegations of Pennsylvania citizenship as applying to all except Joseph. It is generally held that a petition to remove may be amended at any time to cure ambiguities. Hernandez v. Watson Bros. Transp. Co., D.Colo., 165 F.Supp. 720; McGuigan v. Roberts, S.D.N.Y., 170 F.Supp. 372. The petition may properly be construed as it was evidently intended by defendants and understood by plaintiff, and the case need not be remanded because of a defective petition.

The motion to remand is hereby denied.